ISAAC LEVY *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 875.]

INTOXICATING LIQUORS. *Occupant of building. Variance. Laws* 1900, *p.* 141.

> Laws 1900, p. 141, making it a misdemeanor for the occupant of a house in which intoxicating liquors are unlawfully kept or sold to fail to give information thereof to some conservator of the peace, proof as to a house owned by one person will not support an indictment specifying a house on the same lot owned by another person.

FROM the circuit court of, second district, Perry county.

HON. WILLIAM H. COOK, Judge.

The appellant, Levy, was indicted and convicted of violating the act of 1900, ch. 104, sec. 3, making it a misdemeanor for the occupant of a building in which unlawful retailing is carried on, or liquors are unlawfully kept, to fail to give information thereof to some conservator of the peace. He was fined $500 and sentenced to jail for ninety days. From such conviction and sentence he appealed to the supreme court.

The indictment charged that Levy was the occupant of a certain building in Hattiesburg, in which building intoxicating liquors were unlawfully sold, and that he failed to give information of the same to a conservator of the peace, although having knowledge of such sales. The indictment described the building as "a certain one-story frame building situated on lot 5, block 106, of the Kamper & Whinnery survey of the city of Hattiesburg, Mississippi, same being owned by Mrs. Nellie P. Shehan."

The proof showed that the defendant had leased and was occupying a one-story frame building situated on the aforesaid lot 5, and consisting of a storeroom and three back rooms,

and owned by Mrs. Nellie P. Shehan. Behind this house was a small one, used as a market. The two houses, while in the same yard, were separated by a small fence having a gate, and the usual way of ingress and egress to and from this small market-house was through this gate and through the building leased and occupied by defendant. The sales of intoxicating liquors were made, with the knowledge of defendant, in this small market-house, and in every instance of sale the purchasers came and returned through the gate and building occupied by defendant and owned by Mrs. Nellie P. Shehan. The small market-house was owned, not by Mrs. Shehan, but by her brother, one Hamner. It was undisputed that defendant failed to inform any peace officer of the unlawful sales.

The act of 1900, under which defendant was prosecuted, is set out in the opinion of the court.

*Currie & Currie,* for the appellant.

The indictment charged that the defendant, Levy, was an occupant of a certain one-story frame building situated on lot 5, block 106, of the Kamper and Whinnery survey, which building belonged to Mrs. Nellie P. Shehan. But although the testimony showed that defendant occupied a building owned by Mrs. Shehan, fronting on Mobile street, in said lot 5, it failed to show that the sales were made in such building. Instead, it is undisputed that the sales were made in a little outhouse used as a market, and while situated on lot 5, of block 106, and near the house occupied by defendant, this little market-house was owned by one Hamner, a brother of Mrs. Shehan. So far as the record shows defendant never was in this small market-house.

The fact that the house occupied by defendant and the little market-house were very near each other does not change matters, as regards our contention that the houses were entirely separate. We contend that even if the little market-house

where the liquors were sold was a part of the same premises, and not separated by fence from the house occupied by defendant, such market-house would still be, in contemplation of law, an entirely different building from the Shehan house.

Chapter 104, sec. 3, of the act of 1900, under which the indictment was drawn, does not contain the word "outhouse." But the Code 1906, § 1764, which is the same act brought forward with changes, does contain such word, showing that under the aforesaid act a conviction could not be had where the sales were made in a house different from the one occupied by the accused, no matter how close the two houses might be to each other.

For one to be an "occupant" of a building he must have an actual use and control as well as possession of the building; there must be a subjection of the property, or some part thereof, to the will of the occupant, to the exclusion of all others. Under the meaning of the word as intended in the indictment, the occupant must have the same powers and owe the same duties that devolve upon an owner or lessee. 11 Cyc., 245; *Allen* v. *State,* 1 Miss., Dec., 126; *Harris* v. *State,* 71 Miss., 196 (s.c., 14 South. Rep., 266); Herd's Crim. Pleading, 79; *Drake* v. *Root,* 2 Colo., 692.

As the testimony showed that in addition to the little market-house and the house occupied by defendant, there were three other buildings upon lot 5, and as it is distinctly shown that a fence separated the market-house from the house occupied by defendant, we cannot see how it can be arbitrarily held that the market-house was a part of the defendant's premises rather than a part of the premises of those parties who occupied these three other buildings. The evidence throws no light upon this.

*R. V. Fletcher,* assistant attorney-general, for the appellee.

There is no dispute that intoxicating liquors were sold in the small market-house. And it is not disputed that the appellant

had knowledge of the same and failed to inform any conservator of the peace. There is some conflict in the testimony of witnesses whether this small market-house was within the same enclosure as the principal building which was leased and occupied by appellant. But it is shown that, if fenced off, there is a gate between, which admits of ready ingress and egress to and from the market-house. The witnesses who bought the intoxicants carried the same through the building occupied by appellant, and held conversations with him while the intoxicants were in their hands. And it is not disputed that the liquors were sold by one Garner, an employe of Levy.

It is contended by opposing counsel that because the code of 1906 changed the act of 1900 so as to include "outhouses" by name, previous to such change the offense could not be committed by the sale from an outhouse if the accused occupied merely a near-by house upon the premises, of which the outhouse was an appurtenance. But the amendment to the statute is merely declaratory of the meaning of the act as it was first written. It would be a strained and forced construction of law to hold that an outhouse is not included in the term "building," as used in the act.

An occupant is one who is in the use and enjoyment of a thing. He may be the occupier by virtue of a lawful contract, either expressed or implied, or without any contract. 21 Am. & Eng. Ency. Law (2d ed.), 766.

The statute under which this prosecution was had was meant to reach a very pertinacious and offensive class of persons, persons who carry on this business through irresponsible agents. They are the chief offenders, and in this case the zeal and courage of the officers of the law should not be discouraged by a reversal except upon error most clearly demonstrated.

Calhoon, J., delivered the opinion of the court.

By Acts 1900, p. 141, ch. 104, sec. 3, it is provided: "That every owner, lessee, sublessee or occupant of any building or

part of building, in which unlawful retailing is being carried on, or liquors unlawfully kept, shall be guilty of a misdemeanor if he shall connive in manner, directly or indirectly, therein, or shall fail to give information to some conservator of the peace of such violations of law when he knows of the same, or of circumstances indicating the same. Proof of an unlawful sale or unlawful keeping of such liquors in such building shall constitute presumptive evidence of a violation of this section by any owner, lessee or sublessee, who has not given the information herein required." The indictment is against appellant under that section, and charges that he "was then and there the occupant of a certain one-story frame building situated on lot 5, block 160, of the Kamper and Whinnery survey of the city of Hattiesburg, Mississippi, same being owned by Mrs. Nellie P. Shehan," etc., setting forth the charge. The proof is predicated of another house on the same lot, not owned by Mrs. Nellie P. Shehan, but owned by a totally different person.

*Deciding nothing else, this case on familiar principles must be reversed and remanded.*